UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

--------------------------------------------------------

PATRICIA BANUS, on behalf of herself
and all others similarly situated

         Plaintiff,

v.

WHOLE FOODS MARKET
GROUP, INC.,

         Defendant.

--------------------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 17-cv-2132


OPINION & ORDER
[Resolving Doc. No. 12]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Patricia Banus brings this putative class action against Defendant Whole Foods

Market Group, Inc. ("Whole Foods") alleging that Whole Foods's handling of customer credit card

data violated the Fair Credit Reporting Act ("FCRA"), Ohio consumer protection laws, and Ohio

tort law.  Defendant Whole Foods seeks to either stay this case or transfer it to the District of

Nevada, pursuant to the first-to-file rule.[1]

For the reasons stated below, the Court **DENIES** Whole Foods's motion.

## I. Background

Defendant Whole Foods operates approximately 470 grocery stores across the United

States.[2]  Some of these grocery stores also include a taproom or restaurant.[3]  In September 2017,

Whole Foods discovered that the point-of-sale system in some of its taprooms and restaurants was

the subject of a data breach.[4]

---

[1] Doc. 12.  Plaintiff Banus opposes.  Doc. 21. Defendant Whole Foods replies.  Doc. 22.
[2] Doc. 1 at ¶ 10.
[3] *Id.*
[4] *Id.* at ¶ 12.

Case No. 1:17-cv-2132
Gwin, J.

Two lawsuits have stemmed from this September 2017 data breach.  The first, *Cousino v. Whole Foods Market, Inc.*, was filed on September 28, 2017 in the District of Nevada.[5] *Cousino* asserts violations of the FCRA on behalf of a nationwide class and violations of Nevada state law on behalf of a Nevada subclass.[6]

The other lawsuit resulting from the September 2017 data breach is this one.  Plaintiff Banus filed her complaint on October 10, 2017.[7]  She asserts violations of the FCRA on behalf of a nationwide class and violations of Ohio state law on behalf of an Ohio subclass.[8]

## II. Legal Standard

When the first-to-file rule has been properly raised, a district court presiding over the second-filed case has four options: (1) dismiss the case without prejudice;[9] (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption.[10]

Under Sixth Circuit law,

The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." . . . District courts have the discretion to dispense with the first-to-file rule where equity so demands.[11]

In deciding whether to transfer a case pursuant to the first-to-file rule, the Court looks to three factors: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake."[12]  If these three factors are satisfied, the Court must still determine

---

[5] *See* Doc. 12-2 at 18.
[6] *See id.* at ¶¶ 51-71.
[7] *See* Doc. 1.
[8] *See id.* at 12.
[9] Defendant does not seek a dismissal.
[10] *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376, at *2 (N.D. Ohio Dec. 9, 2013).
[11] *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir.1984)).
[12] *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 904 (N.D. Ohio 1999) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)).

"whether any equitable considerations, such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case."[13]

### III. Analysis

The Court finds that staying or transferring this case would not serve the purposes of the first-to-file rule, and so this case will proceed without interruption.

The parties largely agree on the relevant facts. *Cousino*, filed on September 28, 2017, was filed earlier than this case, which Banus filed on October 10, 2017. Plaintiff Banus does not argue that some legal quirk makes hers the first-filed case.

Both parties also agree that if a nationwide class is certified either here or in *Cousino*, both Cousino and Banus would probably be members of that class. Similarly, both parties agree that there is a near zero chance that either plaintiff would be a member of the other case's state subclass. Defendant Whole Foods Market Group, Inc. is also a defendant in both actions.[14]

Finally, both parties agree that the federal issues in both cases are essentially the same, but that there is no overlap in the two cases' state law claims.

Given these facts, the Court finds that either staying or transferring this case pursuant to the first-to-file rule is not warranted.

One of the key considerations when deciding whether two cases are duplicative under the first-to-file rule is whether the determination of the first-filed action would leave little or nothing to decide in the later action.[15] Here, because the bulk of Plaintiff Banus's claims are based in Ohio state law, the Court would still need to decide the majority of her claims at the conclusion of

---

[13] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citation omitted).
[14] *See* Doc. 12-3.
[15] *See Galoski v. Stanley Black & Decker, Inc.*, No. 14-CV-553, 2014 WL 4064016, at *2 (N.D. Ohio Aug. 14, 2014) (citing *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir.1997)).

*Cousino*.  Moreover, Defendant Whole Foods has represented to the Court that it intends to file a motion to dismiss Banus's federal claim.

Additionally, the Court finds that the equities favor allowing Plaintiff Banus to continue to litigate her case in the Northern District of Ohio.  The Court is cognizant of the possibility that Defendant Whole Foods might suffer from inconsistent verdicts from Banus's and Cousino's FCRA claim if one plaintiff were to prevail and the other does not.  This possibility, however, does not negate the fact that the bulk of each plaintiff's claims are based in state law.

Beyond this, several equitable factors weigh in favor of Banus's claims remaining here. First, Defendant Whole Foods has informed the Court that few, if any, of the witnesses or evidence relevant to either Banus's or Cousino's federal claims is located in either Nevada or Ohio, and so there is no obvious efficiency gained from litigating the case in Nevada instead of Ohio.  Second, Plaintiff Banus has offered to coordinate any nationwide discovery with Plaintiff Cousino in an attempt to reduce the burden of potential double discovery on Defendant Whole Foods.

Finally, and most importantly, either staying or transferring this case would negatively impact Plaintiff Banus.  Staying this case could delay resolution of her claims for years. Likewise, transferring this case to the District of Nevada would require her and her counsel to travel to Nevada, increasing the time and expense of litigating her claims and requiring her to litigate in a state where none of the actions leading to her claims occurred.

### IV. Conclusion

For these reasons, the Court DENIES Whole Foods's motion to stay or transfer this case.

IT IS SO ORDERED.

Dated: January 25, 2018                         s/      *James S. Gwin*_____
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE